# In the United States Court of Federal Claims

No. 25-55C
(Filed: August 21, 2025)
**NOT FOR PUBLICATION**

```
***************************************
THERESA GARNER,                        *
                                       *
              Plaintiff,               *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
              Defendant.               *
                                       *
***************************************
```

## OPINION AND ORDER

Plaintiff Theresa Garner, proceeding *pro se*, pursues various claims arising from alleged retaliation for whistleblower activity. *See* Compl. at 1–2 (ECF 1). Plaintiff's application for leave to proceed *in forma pauperis* is **GRANTED**. *See* Application (ECF 2). The government has moved to dismiss under RCFC 12(b)(1) and in the alternative under RCFC 12(b)(6). Mot. to Dismiss (ECF 7). Plaintiff's response seeks a transfer to the District Court for the District of Columbia ("D.D.C."). *See* Resp. & Mot. to Transf. (ECF 12). The government opposes transfer. *See* Def.'s Reply & Resp. (ECF 13); *see also* Pl.'s Reply (ECF 14). The motion to dismiss (ECF 7) is **GRANTED**. The motion to transfer (ECF 12) is **DENIED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).

Plaintiff concedes that most of her claims fall outside this Court's jurisdiction. *See* Resp. & Mot. to Transf. at 7–9; Pl.'s Reply at 11–12. That is plainly correct. Among other issues outside this Court's jurisdiction, her claims allege torts or crimes, *see Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing 28 U.S.C. § 1491(a)(1)); *Treviño v. United States*, 113 Fed. Cl. 204, 209 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014), misconduct by parties other than the United

States, *see Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015), claims for non-monetary relief such as directing the government to initiate investigations, *see Santini v. United States*, 173 Fed. Cl. 724, 727 (2024), claims assigned by statute to other bodies, *see, e.g.*, *Stekelman v. United States*, 752 F. App'x 1008, 1011 (Fed. Cir. 2018) (citing 5 U.S.C. § 8461(e)(1)), and claims under statutes and constitutional provisions that do not mandate payment of money, *see McGhee v. United States*, 155 Fed. Cl. 380, 386 (2021), *aff'd*, 2022 WL 1023806 (Fed. Cir. Apr. 6, 2022).

Instead of contesting jurisdiction, Plaintiff argues that this Court should transfer her complaint to the D.D.C. *See* Resp. & Mot. to Transf. at 6. This Court "may transfer an action where [1] it lacks jurisdiction, [2] the transfer is in the interest of justice, and [3] the transferee court is one in which the action could have been brought at the time the action was filed." *Ewers v. United States*, 168 Fed. Cl. 812, 818 (2024) (citing *Rodriguez v. United States*, 862 F.2d 1558, 1559–60 (Fed. Cir. 1988)). I do not find that the second or third elements of that test are met.

Here, it is not clear that the D.D.C. would have had jurisdiction over Plaintiff's claims either. Claims under the Federal Tort Claims Act — one of the main sources of law Plaintiff relies on, *see* Compl. at 9–11, 26–29 — "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff lives in Michigan and alleges that wrongful acts occurred in "Arizona, Wisconsin, New York, Ohio, Illinois, California, other States and [the] Washington DC headquarters" of the Federal Bureau of Investigation ("FBI"). Compl. at 27. But Plaintiff provides no evidence, and no specific allegations, of any connection to the District of Columbia. *See* Compl. at 15–18 (mentioning unnamed officials at the FBI headquarters and other "federal government actors"). On these facts, I cannot find that Plaintiff will satisfy the jurisdictional requirements of the Federal Tort Claims Act to litigate these claims in the D.D.C. *See* 28 U.S.C. § 1402(b).

Further, transfer would not be in the interest of justice because Plaintiff's allegations appear unlikely to succeed on the merits. *Ewers*, 168 Fed. Cl. at 818 ("The deciding court may decline to transfer if transfer would 'be futile given the weakness of plaintiff's case on the merits.'") (quoting *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999) (itself quoting *Siegal v. United States*, 38 Fed. Cl. 386, 390–91 (1997))). Plaintiff alleges a wide-ranging retaliation conspiracy involving multiple federal, state, and local agencies. *See* Compl. at 1–2, 11, 15–16, 18, 22. Those allegations are unsubstantiated and implausible. For example, Plaintiff claims that the FBI's alleged failure to investigate whistleblower retaliation resulted from decisions of "[s]enior officials" at the FBI's headquarters in violation of "multiple FBI policies." Compl. at 15–17. But Plaintiff does not specify who the officials are, which policies were violated

and when, or otherwise provide factual details. Similarly undeveloped pleadings can be dismissed for failure to state a claim. *Compare Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009). And even if Plaintiff provided sufficient facts, claims seeking to direct an agency's discretionary investigatory and enforcement activities are unlikely to succeed. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (explaining that an agency decision to refuse enforcement is generally unsuitable for judicial review).

Sometimes the applicable statute of limitations expires after a plaintiff mistakenly files here rather than the proper venue. In those circumstances, transfer may be in the interest of justice. *See Lan-Dale Co. v. United States*, 60 Fed. Cl. 299, 305 (2004). But most of the events Plaintiff pointed to occurred only last year. *See, e.g.*, Compl. at 2–8. It therefore appears that if Plaintiff's claims have merit, she has time to identify the correct venue and pursue them. *Gunn v. U.S. Dep't of Agric.*, 118 F.3d 1233, 1240 (8th Cir. 1997).

The only claims in the complaint that this Court might have jurisdiction to address are those related to breach of contractual "settlement agreements" between Plaintiff and the United States. Compl. at 2, 6, 12, 18. Those claims fail for lack of factual pleading. "In pleading a claim founded on a contract … , a party must identify the substantive provisions of the contract … on which the party relies." *See* RCFC 9(k). Plaintiff has not explained the nature of the breach, *i.e.*, exactly what provision of the agreements the government breached and how. Plaintiff therefore failed to "plead[] facts upon which a valid claim can rest." *El Bey v. United States*, 152 Fed. Cl. 777, 780 (2021) (quoting *Strougther v. United States*, 89 Fed. Cl. 755, 760 (2009)); *see Iqbal*, 556 U.S. at 677–78; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

I therefore dismiss Plaintiff's contractual theories for failure to state a claim upon which relief may be granted, *see* RCFC 12(b)(6), and her remaining theories for lack of jurisdiction, *see* RCFC 12(b)(1).

## CONCLUSION

Plaintiff's application for leave to proceed *in forma pauperis* (ECF 2) is **GRANTED**. Defendant's motion to dismiss (ECF 7) is **GRANTED**. The motion to transfer (ECF 12) is **DENIED**.

If Plaintiff wishes to plead additional facts in support of the legal theories within this Court's jurisdiction, she may move for leave to file an amended complaint

- 4 -

— in a single filing that includes all necessary attachments — no later than **September 22, 2025**.

    **IT IS SO ORDERED**.

<u>s/ Stephen S. Schwartz</u>  
STEPHEN S. SCHWARTZ  
Judge
